(Hamilton County Court of Common Pleas).

### FRANCIS HILL v. HENRY EVERSON ET AL.

---

In construing a will the words "legal representatives" will be held to be words of limitation, unless the will shows the intention of the testator to give them some other meaning. The fact that the gift is immediate, is sufficient evidence of the testator's intention to use the term in a different sense; but if the gift is to take effect after a life estate, then the will does not afford evidence of the testator's intention to use the term otherwise than as words of limitation.

(Decided June, 1895.)

---

SAYLER, J.

The testatrix Mary Everson, provides in her will, as follows:

"I give and bequeath to my son, Henry Everson, all my estate, both real and personal, he supporting and maintaining my three daughters, to-wit: Eliza Everson, Mary Everson and Mahitable Everson, as long as they may reside on the farm and remain single; and in case of the death of my said son, Henry Everson, then in that case the above named Eliza Everson, Mary Everson and Mahitable Everson to have full and free possession of the above named property for their support, the said Eliza Everson, Mary Everson and Mahitable Everson being in a weakly state of health, and at the death or marriage of the above named Eliza Everson, Mary Everson and Mahitable Everson, the farm and other property to be equally divided between all my children then living, or their legal representatives;" and she appoints her son, Henry Everson, to be the "whole and sole executor," of the will.

This will was executed in 1840. The testatrix died in 1840, leaving nine children. Henry died in 1868, and the last of the three daughters died in 1893; the daughters left no children.

One of the children, William Everson, executed a mortgage on the one-ninth of the farm in 1851, to Thomas V. Callawn, and died in 1880, leaving children surviving him and surviving the last of the three daughters. A suit was brought in 1871 to foreclose this mortgage, and in January, 1872, a decree of foreclosure was entered, and such proceedings were had, that in 1886 an order for sale was issued, and the property covered by the mortgage, was sold at judicial sale, the sale was confirmed by the court, and a deed was executed to the purchaser by the Sheriff, conveying the interest covered by the mortgage, and which is now held under mesne conveyances by G. C. Joehnk.

This one-ninth part of the farm is now claimed by said Joehnk under said foreclosure proceedings and deeds, and it is also claimed by the surviving children of said William Everson.

If William Everson had a vested estate of inheritance in the one-ninth of the farm, not liable to be divested by his death prior to the time of distribution, then Joehnk became the owner of said one-ninth part under the foreclosure proceedings and deeds.

If, however, William took no estate, because not living at the time of distribution, or if he took a vested estate which was divested by his death prior to said time, Joehnk takes nothing under the foreclosure and deeds, and that one-ninth part of the farm goes to the children of William living at the time of distribution.

I have examined the authorities submitted to me in the carefully prepared briefs and on the argument, but I do not think it necessary to review them here. I will only give my own conclusions.

It is the duty of the court to give such construction to the terms of the will—if they will bear it—as will work out the intention of the testatrix as gathered from the will. If the intention is manifest, that shall be taken as controlling; but if the intention is in doubt, resort must be had to settled rules of construction for aid in the solution of the difficulty (33 Ohio St., 134).

One of the rules of construction is that all estates are to be holden to be vested, except in estates in the devise of which a condition precedent to the vesting is so clearly expressed that the courts can not treat them as vested without deciding in direct opposition to the terms of the will. To accomplish this, words of seeming condition are, if possible, held to have only the effect of postponing the right of possession; and if the devise be clearly conditional, the condition will, if possible, be construed as a condition susbequent; so as to confer an immediate vested estate, subject to be divested on the happening of the condition. (Ib.)

It seems to me the intention of the testatrix was to provide a maintenance for her three daughters, who were in a weakly state of health. For this purpose the property was given to Henry, with the provision that he was to support and maintain them: in case of his death, then the three daughters to have the full and free possession of the farm for their support during their life, or so long as they remain unmarried. At the death or marriage of the three girls this purpose of the testatrix was fulfilled, and then the farm and other property was to be equally divided between all her children then living or their legal representatives.

It is contended that the purpose of the testatrix was to prefer Henry, and that a fee was given to him with the condition that he support the three girls. If the will stopped with the first clause, this would be manifest; but the testatrix proceeds and provides that, in case of Henry's death, the three girls shall have the possession of the farm, and, at their death, the farm shall be divided among her children. This clearly shows that it

was not the intention to give a fee to Henry at all events. It is claimed, however, that, had Henry survived the girls, he would certainly have a fee; that is, the fee vested in him, but was divested by his death during the life of the girls. But I do not think such is the construction which naturally flows from the terms of the will, and there is nothing in the will which requires such construction. The testatrix wished to assure a maintenance to the three girls, and she gave the farm to Henry for that purpose, and provided that when that purpose was effected, at the death or marriage of the girls, the farm should be divided equally between all her childern. Henry's estate in the farm was co-existing with the life of the girls, but might end by his prior death.

The testatrix's intention was that the farm should be divided among her children, but so long as the girls should live it should be held for their support.

But the question remains: Among which children should it be divided; those living at her death, or those living at the time of division. The words are "to be equally divided between all my children then living, or their legal representatives."

The words, "their legal representatives," have been construed to mean various persons, depending on the intention of the testator.

Jarman, in the 6th Ed. of his work on wills, 961, in a discussion of the cases determining the meaning of these words, says: "From cases of this description, however, we must carefully distinguish those in which the words "executors and administrators," or "legal representatives," are used as mere words of limitation. As in the common case of a gift to "A" and his executors or administrators, or to "A" and his legal representatives, which will, beyond all question, vest the absolute interest in "A."

Shouler on Wills (2 Ed.), Sec. 544, says: "Executors or administrators," or "legal representatives" are terms quite naturally used as words of limitation.

In construing a will, the ordinary meaning of executors and administrators (that is, as I take it, words of limitation) will be given to the words "legal representatives" unless the will shows the intention of the testator to give them some other meaning, and the fact that the gift is immediate is held to afford sufficient evidence of the testator's intention to use the term in a different sense; but if the gift is to take effect after a life estate, it is held that the will does not afford evidence of the testator's inteniton to use the term otherwise than in its ordinary sense. (2 Drewry's Rep., 230, 244, 245.)

In Brokaw v. Hudson's Exr's, 27 N. J. Eq. 135, the court say: "A gift to A or to his heirs," "or to his representatives," is an absolute gift to A, on the condition that he is alive on the death of the testator; but if he dies in the life of the testator, the gift takes effect in favor of the other persons described as substitutes of the primary legatee."

It seems to me under these authorities, that the words "or their legal representatives," as used in this will, will be construed to have the same meaning as the words "or their heirs," had such words been used in their place. If this be correct, then it seems to me the construction of the devise of the property "to be equally divided between all my children then living or their legal representatives," is to be governed by the reasoning and decisions of our Supreme Court in Brashear v. Marsh, 15 Ohio St., 103; Linton v. Laycock, 33 Ohio St., 128, 129, and Bolton v. Bank, 50 Ohio St., 290; and under these decisions I think William took a vested estate, not liable to be divested, in one-ninth of the farm, at the death of

the testatrix, and that the sale, under the proceedings in foreclosure of the mortgage executed by him on that interest, gave title to the purchaser, and that the parties holding under such purchases are now entitled to have that one-ninth share set off to them.

Champion & Muir, for plaintiff.

Mackoy & Lowman, for heirs of Wm. Everson.

S. T. Crawford, and W. L. Dickson, for New German Building Association.

S. T. Crawford, and J. H. Charles Smith, for G. C. Joehnk.